
Michael Perkins, State Bar #172560
FINE, BOGGS & PERKINS LLP
2450 South Cabrillo Highway, Suite 100
Half Moon Bay, CA 94019
Telephone: (650) 712-8908

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN METAL & IRON, INC,, and, DIMOND METAL RECYCLING, INC., <br><br>           Plaintiffs, <br><br>     v. <br><br> AMERICAN EMPLOYERS GROUP, INC.,  APPLIED UNDERWRITERS, INC., and DOES 1 through 50, inclusive, <br><br>           Defendants. | Case No.  C06-05152 HRL <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** <br><br> <u>Hearing</u> <br><br> Date: October 24, 2006 <br> Time: 10:00 a.m. <br> Dept.: Courtroom 2 |

    This Motion to Compel Arbitration is brought in the alternative to Defendants' Motion to Dismiss under FRCP 12(b)(3) for improper venue, which is filed herewith.  According to the parties' contract, if the forum-selection clause is found to be unenforceable, the parties will arbitrate the dispute. Please review the Motion to Dismiss in conjunction with this motion to compel arbitration.

**P&A in Support of Motion to Compel Arb. and Stay Proceedings**— Case No. C06-05152 HRL

## INTRODUCTION

This is a commercial dispute between sophisticated corporations involving a claim in excess of $500,000. According to the parties' contract, if the forum-selection clause is unenforceable for any reason, the parties shall arbitrate this dispute under the commercial rules of the American Arbitration Association. Defendants (herein collectively "AEG") filed concurrently herewith a Motion to Dismiss/Motion to Transfer Venue to the US District Court in Omaha, Nebraska pursuant to the forum-selection clause in the parties' contract. If for any reason the forum-selection clause is not enforced, the parties must arbitrate this matter. Because the arbitration agreement is valid, enforceable and irrevocable, this Court should compel Plaintiffs to submit this dispute to binding arbitration, and this action should be stayed until the arbitration has been completed.

Defendants addressed the formation and contents of the parties' contract, known as the "Services Agreement", in their Motion to Dismiss under FRCP 12(b)(3) for improper venue, and defendants incorporate that motion herein.

## SUMMARY OF RELEVANT FACTS

In mid-2003, plaintiffs signed an application to participate in the SolutionOne contract with AEG. This application document is entitled the SolutionOne Service Proposal. Immediately above plaintiffs' signature on the Service Proposal, it reads: **"I (we) accept AEG's standard Service Agreement Terms and Conditions."** (Carrington Declaration, Ex. "A") (Bold in original).

The SolutionOne Service Agreement contains the essential terms of the parties' contract (such as the duration of the contract, obligations of the parties, cancellation requirements, etc.), including the forum-selection and arbitration clauses, as well as the signatures of authorized AEG corporate officers. (Declaration of Michael Carrington, ¶2-¶5). The Service Agreement contains a section entitled "Terms and Conditions." Paragraph 11 of the Terms and Conditions section of the Service Agreement contains a forum-selection clause

requiring claims be brought in the Federal District Court in Omaha, Nebraska. The parties further agreed that if the forum-selection clause in their contract was found to be unenforceable, then they promised to submit this dispute to binding arbitration. (Declaration of Michael Carrington, ¶2 - ¶4, and Exhibit "B"). The Services Agreement contains an arbitration clause, which provides:

> 11.1 In the event, the forum selection clause in Paragraph 11.0 is held to be unenforceable, any dispute between the parties shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association (AAA) before one arbitrator in Omaha, Nebraska. The costs of arbitration shall be equally divided between the parties. . . ."

(A copy of the Arbitration Clause is attached as part of Exhibit "B" to the Declaration of Michael Carrington, filed herewith [See, page 7 of Exhibit "B"]).

Throughout the performance of the parties' contract, both plaintiffs repeatedly promised in writing to be bound by the terms and conditions of the Service Agreement. (Carrington Declaration, Ex. "C" and "D").

In the event the parties' forum-selection clause is not enforced for any reason, Defendants ask this Court for an order compelling arbitration pursuant to applicable law and the written agreement of the parties. Defendants further request the court stay this action pending the completion of arbitration.

## LEGAL ARGUMENT

**A. THE FEDERAL AND CALIFORNIA ARBITRATION ACTS REQUIRE THE ENFORCEMENT OF THE PARTIES' AGREEMENT TO ARBITRATE.**

In an effort to overcome historical judicial antipathy toward arbitration, both federal and state lawmakers have enacted legislation to ensure enforcement of contracting parties' alternative dispute resolution choices. The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.,* expressly provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . ***shall be valid, irrevocable, and***

*enforceable,* save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. §1 (emphasis added). The Federal Arbitration Act establishes a body of "federal substantive law" which is applicable in both state and federal courts. Moses H. Cone Memorial Hospital v. Mercury Construction Corp. (1983) 460 U.S. 1, 103 S.Ct. 927. The California Arbitration Act, California Code of Civil Procedure section 1280, *et seq.,* also requires that agreements to arbitrate must be enforced if the agreement covers the dispute at issue.

Federal and California public policy strongly favor arbitration. Engalla v. Permanente Medical Group, Inc. (1997) 15 Cal.4th 951. Any opposition to arbitration must be examined against a presumption in favor of arbitrability. Engalla, supra, 15 Cal.4th at 971–72 ["California law incorporates many of the basic policy objectives contained in the Federal Arbitration Act, including a presumption in favor of arbitrability"]. Doubts regarding the enforcement of arbitration must be decided in favor of sending the parties to arbitration. Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 9; Lee v. Technology Integration Group (1999) 69 Cal.App.4th 1549; United Transp. v. Southern Cal. Rapid Transit Dist., (1992) 7 Cal.App.4th 804, 808; Pacific Inv. Co. v. Townsend (1976) 58 Cal.App.3d 1 [courts should indulge every intent to give effect to arbitration]. Here, the parties' arbitration agreement is governed by the Federal Arbitration Act, which requires that every intendment must be made, and every doubt resolved, in favor of arbitration. 9 U.S.C.§1, et. seq.; Moses H. Cone Memorial Hospital, supra.

The parties have a dispute as Plaintiffs have filed a lawsuit against Defendants alleging breach of contract and related torts. This is the same contract that contains the arbitration clause. Because the factual predicates for the Federal and California

Arbitration Acts have been satisfied, this Court should enforce the parties' covenant to pursue alternative dispute resolution in the form of binding arbitration.

### 1. Plaintiffs Repeatedly Confirmed in Writing Their Acceptance of All Terms and Conditions of the Services Agreement, Which Includes Arbitration.

In addition to agreeing to terms and conditions of the Services Agreement when they first signed the contract with AEG,[1] plaintiffs American Metal and Dimond Recycling repeatedly agreed in writing to accept all terms and conditions of the Services Agreement. (See, signed payroll submission forms agreeing to the Services Agreement attached as Exhibit "C" and "D" to the Carrington Declaration). Plaintiffs agreed to arbitration when they first entered into the agreement with AEG, and they repeatedly agreed in writing to arbitration throughout the parties' relationship.

### 2. The Services Agreement Was Properly Incorporated by Reference Into the Contracts Signed by Plaintiffs.

Recognizing that commercial realities often require incorporation by reference of additional terms, California law permits incorporation of contract terms into the document physically signed by the parties, when: [(a)] the reference is clear and unequivocal, [(b)] the reference is called to the attention of the other party and he must consent thereto, and [©] the terms of the incorporated document must be known or *easily available* to the contracting parties. Williams Constr. Co. v. Standard-Pacific Corp. (1967) 254 Cal.App.2d 442, 454 [*emphasis added*]. In Williams Construction, there was a dispute as to the validity of incorporated terms set forth in another document. After recognizing the conflict, the court pointed out that actual possession of the incorporated document did not matter, as the incorporated document (in that case, a deed of trust) was readily available to the parties. Williams Construction, *supra,* 254 Cal.App.2d at 454.

---

[1] See, Carrington Declaration, Ex. "A".

Similarly, in King v. Larsen Realty, Inc. (1981) 121 Cal.App.3d 349, 357, the court enforced an arbitration agreement contained in a separate, incorporated document and confirmed that a "secondary document" becomes part of a contract where "the terms of the incorporated document are readily available to the other party." There is no requirement that the party must have actual knowledge of or physical possession of the incorporated arbitration agreement. Indeed, there is no requirement that the party know that the incorporated document contains an arbitration clause. If the incorporated agreement is identified, and is readily available, an arbitration agreement contained in the incorporated document is enforceable.

Here, plaintiffs repeatedly signed agreements confirming their acceptance of the "SolutionOne Service Agreement" throughout their contractual relationship with defendants. (Carrington Declaration, ¶5). The agreements signed by plaintiffs clearly identify the incorporated document (the SolutionOne Service Agreement), plaintiffs signed the agreement affirming their acceptance of the Service Agreement, and the Service Agreement was "readily available" to plaintiffs. (Carrington Declaration, ¶6).

In fact, cases have regularly upheld incorporation of arbitration agreements even where the arbitration provisions were not available to the customer until after contract was entered into. In Madden v. Kaiser Foundation Hospitals (1976) 17 Cal.3d 699, 704 the Supreme Court enforced arbitration provisions in a medical malpractice context where the arbitration language did not even exist at the time the contract was entered into. [Arbitration provisions added to health plan contract six years after plaintiff became covered; plaintiff bound even though evidence presented showed no knowledge of arbitration clause until after claim arose].

Here, there is no dispute that the SolutionOne Service Agreement was "easily available" to plaintiffs. Not only was the Service Agreement delivered to plaintiffs when AEG began performing under the contract (Carrington Declaration, ¶3), the Service Agreement was always available to plaintiffs with a simple phone call. (Carrington Declaration, ¶6). Under California

law, the SolutionOne Service Agreement was properly incorporated into the written agreements signed by plaintiffs.

### B. THE COURT SHOULD STAY THIS ACTION PENDING THE COMPLETION OF ARBITRATION.

Section 3 of the Federal Arbitration Act directs that when claims are subject to arbitration, the District Court should stay the proceedings before it pending the arbitration. 9 U.S.C. §3.

Here, all of plaintiffs' claims are subject to mandatory binding arbitration. Therefore, in accordance with the provisions of the Federal and California Arbitration Acts, the court should stay all proceedings pending the outcome of arbitration.

### CONCLUSION

The parties in this case agreed to use arbitration to resolve all disputes arising out of their business relationship. Accordingly, Defendants respectfully request that this Court compel Plaintiff to binding arbitration in accordance with the parties' arbitration agreement, and that the action be stayed pending the outcome of arbitration.

Respectfully submitted,

Dated: September 1, 2006

*Michael Perkins*

Michael Perkins
FINE, BOGGS & PERKINS LLP
Attorneys for Defendants