Michael Perkins, State Bar #172560
FINE, BOGGS & PERKINS LLP
2450 South Cabrillo Highway, Suite 100
Half Moon Bay, CA 94019
Telephone: (650) 712-8908

Jeffrey A. Silver, (Pro Hac Vice)
10805 Old Mill Road
Omaha, Nebraska 68154
Telephone: (402) 393-1984

Attorneys for Defendants

**ORDER E-FILED: 5/24/2007**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN METAL & IRON, INC,, and, DIMOND METAL RECYCLING, INC., <br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN EMPLOYERS GROUP, INC., APPLIED UNDERWRITERS, INC., and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. C06-05152 JW<br><br>**AGREED PROTECTIVE ORDER**<br><br>**AND ADDENDUM TO PROTECTIVE ORDER** |

　　　　Pursuant to stipulation of the parties and based upon claims by Defendants and California Insurance Company ("CIC"), that Plaintiffs have requested confidential and proprietary documents, IT IS HEREBY ORDERED THAT:

　　　　1.　　All documents and tangible things produced in this litigation by CIC and/or any of the parties and designated by the producing party as "Confidential Information" (as that term

Agreed Protective Order — Case No. C06-05152 JW

is defined below), pursuant to the procedure for designation as set forth in Paragraph 3 below, shall not be disclosed to anyone, except:

    a. Plaintiffs, Plaintiffs' legal counsel and the ordinary employees of Plaintiffs' legal counsel;

    b. Defendants, Defendants' legal counsel and the ordinary employees of Defendants' legal counsel;

    c. Any commercial document reproduction service for the limited purpose of making copies of documents to be used in discovery or in trial of this action, provided that any such reproduction services shall first be instructed and shall agree that any documents furnished to it for reproduction will be treated as confidential;

    d. Any deponent (and court reporter) during a deposition or at trial in this case;

    e. Consulting and testifying expert witnesses in this case or any other witness who the revealing party believes in good faith needs to be shown confidential information so as to legitimately facilitate the preparation of the revealing party's case, provided that such person agrees in writing that he or she has read this Agreed Protective Order ("Order") and agrees to be bound by it terms. Any party shall be entitled to a copy of such agreement within ten (10) days on written request; provided that the agreement of an expert used solely for consultation may be disclosed to the Court in camera unless otherwise ordered by the Court;

    f. This Court **, its personnel,** (and the Clerk) and the jury, in connection with any motion practice, trial and any other necessary Court filing;

2. No document marked "Confidential Information" shall be used by the receiving party for any purpose other than this lawsuit unless that party: (a) already knew the information by lawful means; or (b) properly derived the information independently of the disclosure.

3. For the purpose of this Order, "Confidential Information" means any documents or tangible thing which CIC and/or any other disclosing party discloses and designates as confidential. "Confidential Information" also means and includes any Interrogatory answer, deposition testimony and exhibit or other disclosure where the disclosing party (or the party's counsel) specifically identifies the information as "Confidential Information" in writing, on the record or in open court at the time such material is produced or disclosed. Such designation may be made by stamping or affixing the label "CONFIDENTIAL" on such document or tangible thing prior to production or by written notification within thirty (30) days thereafter (or within thirty (30) days after the full execution of this Order, whichever date shall be later) to all parties, specifying the bates numbers or other readily identifiable information. However, should the receiving party consider any information to be non-confidential information and desire to avoid the restrictions of this Order, the receiving party shall be entitled to seek another Order declaring such information to be non-confidential. It shall be the burden of the party claiming that information is confidential to prove that the information is in fact confidential. Acceptance and/or treatment by a party of any information as "Confidential Information" pursuant to this Order shall not constitute an acknowledgment or admission that such information is in fact confidential within the meaning of applicable law.

4. The inadvertent or unintentional failure to designate, pursuant to Paragraph 3 above, documents or testimony containing Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto. Any error in failing to designate such information shall be corrected as soon as reasonably possible after the designating party becomes aware of the error.

5. The parties may by agreed stipulation provide for exceptions to this Order and any party may seek an Order of the Court modifying this Order.

6. A copy of this Order shall be presented to the court reporter upon the taking of any deposition in this action at or prior to the time when any questions are asked involving Confidential Information. The portion of the original deposition transcript which any party designates as Confidential Information, including the reporter's notes therefor, shall be bound separately and placed by the reporter in an envelope marked with the title of the Court and the title of the cause and the following statement:

> "Pursuant to Court Order, this envelope shall not be opened without prior written approval of the Court."

Copies of the designated portion of the transcript shall be treated as Confidential Information.

7. If a party wishes to include the Confidential Information in any motion or other document filed with the Court, the party shall file the motion or document in ~~a sealed envelope~~ **compliance with Civil Local Rule 79-5.** ~~marked with the warning stated in Paragraph 6 above~~.

8. Nothing herein shall be construed as a waiver of the right of any party to object to the admissibility of any testimony or other evidence where such objection is based upon a ground or grounds other than the testimony or evidence involving Confidential Information, and nothing herein shall be construed an Order that any Confidential Information shall be withheld or excluded from evidence in any proceeding in this cause.

9. All designations of Confidential Information shall be made in good faith that such information is entitled to protection. **(See Addendum to Protective Order).**

10. Until such time as the Court shall rule otherwise, all documents and tangible things produced by disclosing party and designated as Confidential Information shall remain subject to this Order.

11. Upon final termination of this action all documents and tangible things produced and designated as Confidential Information under the terms of this Order, including all copies thereof and all documents incorporating such information shall remain subject to the terms of this Order and **each receiving party shall either destroy all such material or return them to the disclosing party.** ~~shall be either destroyed and/or returned to the disclosing party.~~

**12. For a period of six months after the final termination of this action, this court will retain jurisdiction to enforce the terms of this Protective Order.**

**13.** ~~12.~~ This Order shall not apply to the use by a party of its own documents and tangible things.

The parties stipulate to the entry of the above Order.

SIGNED this 22 day of May 2007.

**Pursuant to stipulation (as modified by the court), IT IS SO ORDERED.**

**May 24, 2007**                                    **/s/ Howard R. Lloyd**

UNITED STATES ~~DISTRICT COURT~~ JUDGE
MAGISTRATE

AGREED AND APPROVED:

ELIZABETH M. PAPPY        #157069
Morgan, Franich, Fredkin & Marsh
99 Almaden Boulevard, Suite 1000
San Jose, California 95113-1613
(408) 288-8288
ATTORNEY FOR PLAINTIFF

PREPARED AND SUBMITTED BY:

JEFFREY A. SILVER    #13839
10805 Old Mill Road
Omaha, Nebraska  68154
(402) 393-1984
ATTORNEY FOR DEFENDANTS AND CALIFORNIA INSURANCE COMPANY

# ADDENDUM TO PROTECTIVE ORDER
American Metal & Iron, Inc., et al. v. American Employers Group, Inc., et al.
Case No. C06-05152 JW (HRL)

IT IS HEREBY ORDERED as follows:

<u>Exercise of Restraint and Care in Designating Material for Protection</u>

Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass or indiscriminate designations are prohibited. Designations that are clearly shown to be unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions.

1 | **5:06-cv-5152 Notice will be electronically mailed to**:

2 | Mark B. Fredkin mfredkin@mffmlaw.com, mramos@mffmlaw.com; wsiamas@mffmlaw.com; crogers@mffmlaw.com; dwaslif@mffmlaw.com; dolson@mffmlaw.com; gdent@mffmlaw.com;
3 | jlira@mffmlaw.com

4 | Elizabeth M. Pappy epappy@mffmlaw.com

5 | Michael K. Perkins mperkins@employerlawyers.com, cbrown@employerlawyers.com; jdare@employerlawyers.com; dhosilyk@employerlawyers.com; emiller@employerlawyers.com

6 |

7 | **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.